## City of Owensboro et al. v. Department of Revenue of Kentucky et al.

November 28, 1950.

W. B. Ardery, Judge.

Ridley M. Sandidge, Earl S. Winter and George S. Wilson, Jr., for appellants.

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and Thomas F. Marshall for appellees.

JUDGE HELM—Affirming.

In 1948-49, appellant, City of Owensboro, pursuant to KRS, Chapters 58 and 97, constructed a combination gymnasium and auditorium with adjoining swimming pool. In order to sell revenue bonds to finance this "public project" the City, pursuant to KRS, Chapter 58, pledged a portion of its light and water revenue to the payment of the bonds. See, McKinney v. City of Owensboro, 305 Ky. 254, 203 S. W. 2d 24.

Appellant, City of Owensboro Recreational Commission, a public corporation created by an ordinance of the City of Owensboro pursuant to KRS 97.110 and 97.120, operates this project. Appellants, in their petition in this declaratory judgment action, set out that after the project was put in operation in February, 1949, a controversy arose between appellants and appellees with respect to whether or not admission taxes imposed by KRS, Chapter 138, are applicable to any events staged in the project, or field house for the entertainment of the public and for which admission charges are made; that as of August 8, 1949, an agreement was

reached between them and appellees that certain classes of events held and to be held in the field house are exempt from the imposition of State admission taxes; that previous to August 8, 1949, the Commission paid to appellee, Department of Revenue, certain sums as admission taxes in connection with events which it is now agreed are exempt; that appellants are entitled to a refund pursuant to KRS 134.580; that it is the position of appellees that the amounts paid may not be legally refunded, or that appellants are not the parties entitled thereto.

Appellants state that there is a controversy as to events staged in the field house which are outside the scope of the agreement of August 8, 1949; that previous to August 8, 1949 they collected certain sums as part of the price of admission in connection with professional basketball games and professional wrestling matches and paid the sums to appellee, Department of Revenue, as admission taxes; that they have collected other sums as a part of the price of admission for such professional events, but have not paid the amount collected to the Department of Revenue, which it now demands.

Appellants prayed that the court enter a judgment resolving the controversy and declaring the rights of the parties. By amended petition appellants pleaded that the various sums of money alleged in the petition to have been paid to appellee, Department of Revenue, or withheld from it by appellants, were all collected from patrons of the project as a part of the regular price of admission to events held therein. It was stipulated "that the project" was constructed and financed pursuant to both Chapter 58 and Chapter 97 of the Kentucky Revised Statutes.

Appellees demurred to the petition as amended. The Court sustained the demurrer. Appellants declined to plead further, and the court, without declaring the rights of the parties, dismissed the petition as amended and granted appellants an appeal.

Appellants maintain that all fees charged for admission to the center are exempt under KRS 97.130, which provides: "All property which a city acquires for the establishment and maintenance of a recreational project under KRS 97.100 to 97.240 shall be exempt from taxation to the same extent as other public property used

for public purposes. All fees charged or collected for the admission to or the use of such a project shall be exempt from taxation.''

KRS, Chapter 97, deals with parks, playgrounds and recreation. "Recreational project," as used in Chapter 97, is defined in KRS 97.100(2) as: " 'Project,' as used in KRS 97.100 to 97.240, means golf courses, tennis courts, bridle paths, swimming pools, bathing pools and other similar projects made available to the public for recreational purposes. * * *.''

There, the recreation contemplated is that of the individual or individuals playing golf or tennis, riding horseback, bathing in swimming pools, or like recreation. Appellants' field house has a swimming pool adjoining it. All fees charged for admission to swimming pools or bathing places are exempt from excise taxes under KRS, Chapters 97 and 138. But the Owensboro project lends itself not only to recreation in its swimming pool, but to entertainment of the public, much of it entertainment by professionals. Obviously, KRS 97.130 does not apply to such entertainment unless it is expressly exempt.

KRS, Chapter 138, relates to excise taxes. KRS 138.010 defines places of amusement or entertainment but does not include: ''* * * athletic contests in which one of the contesting teams is composed exclusively of representatives of educational institutions in this state, or public bathing places and swimming pools owned and operated by municipalities.''

KRS 138.020 provides: ''(1) Except as provided in subsections (4) to (6) of this section, and in KRS 97.130, an excise tax shall be paid on the sale of admission to places of amusement or entertainment at the following rates: * * *.''

But subsection (4) exempts: ''* * * dramatic or musical productions presented by a civic organization in a park owned by any municipal corporation, if no pecuniary profits result to any member of the organization, and if such pecuniary profits as may result to the organization are used exclusively for civic, municipal, educational, charitable or religious purposes.''

and provides that: ''No admissions shall be tax-free under this subsection unless, prior to the sale thereof,

application for exemption is made to the Department of Revenue on forms and in accordance with rules and regulations duly promulgated by it, and unless the department, after being satisfied that such admissions are tax-free, and in accordance with such rules and regulations, issues a certificate of exemption."

Subsections (5) and (6) provide:

"(5) Nothing in this section shall be construed to impose a tax upon admissions to athletic contests, plays, concerts and other forms of amusement or entertainment if at least seventy-five percent of the gross proceeds of admissions are to be used exclusively for charitable, religious, or educational purposes within this state.

"(6) Nothing in this section shall be construed as placing a tax upon admissions to athletic contests unless the price charged for such admissions exceeds the sum of fifty cents, in which case the first fifty cents of such admission shall be exempt from the tax levied under this section."

Appellants do not plead that any of the events held in the field house come within either subsection (4, 5 or 6) of KRS 138.020.

Appellants, in their brief, say that it is conceded that no admission taxes are due in connection with amateur basketball games in which one participant represents a state institution, or in connection with the use of the municipal swimming pool because of the exemption provided in KRS 138.010; that no taxes in connection with such events have ever been paid or withheld by the Commission. Clearly such events are not subject to admission taxes.

Appellants, in their brief, set out as background facts of this controversy that the Commission made a return to appellee of $185.64 as payment "A" for a professional basketball game; $534.68 as payment "B" for a musical production; $113.49 as payment "C" for a musical show; $81.17 as payment "D" withheld for a musical concert; $124.56 as payment "E" withheld for a musical production; $197.46 as payment "F" withheld for a professional basketball game; $12.96 as payment "G" withheld for a professional wrestling match, and $418.36 as payment "H" withheld for a professional basketball game. Payment has been made to appellees

in the above events, A, B and C, but has been withheld in events D, E, F, G and H.

Appellants do not, in their petition as amended, set out any plea bringing either of the above-named events within the provisions of the above-quoted exemptions of KRS 138.010, or of KRS 138.020.

The events in controversy not being events for recreational purposes within the meaning of KRS, Chapter 97, and not having been shown to be events exempt under KRS, Chapter 138, it follows that appellants are not entitled to any refunds of payments made to appellees for events A, B and C above, and they should make payments for events D, E, F, G and H, now withheld. We are constrained to hold that the Chancellor properly sustained the demurrer to appellants' petition as amended.

The judgment is affirmed.